UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>   v.<br><br>MAXIMILIANO VIDAL-MEDINA,<br><br>        Defendant. | CASE NO.   CR02-374 JCC<br><br>DETENTION ORDER |

Offenses charged:

    Count 1:    Conspiracy to Distribute Cocaine, Heroin, and Methamphetamine, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(A), and 846; and

    Count 11:   Possession of Heroin With Intent to Distribute, in violation of Title 21, U.S.C., Sections 841(a)(1) and 841(b)(1)(A), and Title 18, U.S.C., Section 2.

Date of Detention Hearing:   June 24, 2005.

    The Court, having conducted an uncontested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the

defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community. The Government was represented by John Lulejian for Doug Whalley. The defendant was represented by Barry Flegenheimer.

The Government filed a motion for detention, to which the defendant stipulated without prejudice.

<u>FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION</u>

(1) There is probable cause to believe the defendant committed the drug conspiracy offense. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk, under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for the following reasons:

(a) The defendant poses a heightened risk of flight given his history of flight to avoid prosecution; this, in combination with the nature of the instant offense, is of concern to the Court;

(b) The defendant stipulated to detention.

(3) Based upon the foregoing information, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(l) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving

sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 6th day of July, 2005.

*/s/ M. J. Benton*

MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -3-