1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

MAXIMILIANO VIDAL-MEDINA,

Defendant.

CASE NO. CR02-374C

ORDER TO CONTINUE TRIAL DATE

This matter having come before the Court on the parties' Joint Motion for Continuance of trial from December 19, 2005 to February 13, 2006 (Dkt. No. 676), and the Court having considered the arguments presented by the parties, together with the balance of the records and files herein, this Court now finds and rules as follows:

The current trial date is December 19, 2005 and the current motions cut-off date is November 10, 2005. Those dates were scheduled by Order of this Court (Dkt. No. 658) pursuant to a request for a continuance by the Government and nonoppositions of Defendant Vidal-Medina and his then-co-Defendant Carlos Garibay Del Toro.

ORDER – 1

The instant continuance is made for the reasons that: (1) Defendant and his counsel have recently had to attend to some immigration matters and have consequently been unable to adequately confer and prepare for trial; (2) an immigration hearing is scheduled for December 21, 2005, at which time the trial in the instant case could still be going on if it begins on December 19, 2005; (3) witnesses for the Government have not yet been interviewed because of complications with prison transfers and retention of counsel; (4) the case will include complex wiretap issues; (5) counsel for the Government has been occupied with a related case that began trial on November 28, 2005, and the Government needs additional time to prepare for the case; and (6) the Defendant may accept a plea, obviating a trial altogether.  All of the foregoing reasons are set forth in the joint motion.  A denial of the requested extensions would unreasonably deny Defendant adequate preparation by his attorney and would deny both parties' counsel reasonable time to prepare for this complex case if it goes to trial.  Due to these factors, exclusion of additional time under 18 U.S.C. § 3161(h)(8)(B)(ii), and (iv) is appropriate, taking into account the exercise of due diligence.

Defendant is in agreement with the proposed continuance to February 13, 2006.  However, he has signed a speedy trial waiver through February 1, 2006 (Dkt. No. 653).  Accordingly, the Court will not continue trial beyond that date.  The Court instead grants a continuance to January 3, 2005.  Further, for the reasons set forth in this Order, the Court will consider an additional continuance of trial to February 13, 2006 if (1) the parties refile a motion requesting such a continuance and (2) Defendant timely files a speedy trial waiver sufficient to cover a trial commencing on February 13, 2006.

The new date of January 3, 2006 for the trial does not appear to prejudice any party.  The Court finds that failure to grant the requested continuance likely would result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(8)(B)(i).  The Court further finds that the interests of the public and

ORDER – 2

the Defendant in a speedy trial in this case are outweighed by the ends of justice, within the meaning of 18 U.S.C. § 3161(h)(8)(A).

Accordingly, IT IS HEREBY ORDERED THAT:

The new trial date shall be January 3, 2006. The time between the date of this Order and the new trial date shall be excludable time under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(i), 3161(h)(8)(B)(ii), and 3161(h)(8)(B)(iv).

SO ORDERED this 13th day of December, 2005.

John C. Coughenour
United States District Judge

ORDER – 3