UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MAXIMILIANO VIDAL-MEDINA,<br><br>　　　　Defendant. | CASE NO. CR02-374C<br><br>ORDER TO CONTINUE PRE-TRIAL MOTIONS DEADLINE AND TRIAL DATE |

　　　　This matter having come before the Court on the parties' Joint Motion for Continuance of trial from January 3, 2005 to February 13, 2006 (Dkt. No. 685), and the Court having considered the arguments presented by the parties, together with the balance of the records and files herein, this Court now finds and rules as follows:

　　　　The current trial date is January 3, 2005, which new trial date was ordered on December 13, 2005 (Dkt. No. 682) pursuant to a stipulation of the parties (Dkt. No. 676). The parties had requested a trial date of February 13, 2006, but a trial date of January 3, 2006 was ordered instead in light of Defendant's speedy trial waiver (Dkt. No. 653) only covering the time through February 1, 2006. However, in the

ORDER – 1

December 13, 2005 Order, the Court noted that it would consider a further continuance to February 13, 2006 if the parties so moved and if Defendant filed a speedy trial waiver sufficient to cover a trial commencing on that date.

Defendant is in agreement with the proposed continuance to February 13, 2006 and now has filed a speedy trial waiver through March 15, 2006 (Dkt. No. 683).

As before, the instant continuance is made for the reasons that: (1) Defendant and his counsel have recently had to attend to some immigration matters and have consequently been unable to adequately confer and prepare for trial; (2) an immigration hearing is scheduled for December 21, 2005, at which time the trial in the instant case could still be going on if it begins on December 19, 2005; (3) witnesses for the Government have not yet been interviewed because of complications with prison transfers and retention of counsel; (4) the case will include complex wiretap issues; (5) counsel for the Government has been occupied with a related case that began trial on November 28, 2005, and the Government needs additional time to prepare for the case; and (6) the Defendant may accept a plea, obviating a trial altogether.  All of the foregoing reasons are set forth in the joint motion.  A denial of the requested extensions would unreasonably deny Defendant adequate preparation by his attorney and would deny both parties' counsel reasonable time to prepare for this complex case if it goes to trial.  Due to these factors, exclusion of additional time under 18 U.S.C. § 3161(h)(8)(B)(ii), and (iv) is appropriate, taking into account the exercise of due diligence.

Finally, the new proposed date of February 13, 2006 for the trial does not appear to prejudice any party.  The Court finds that failure to grant the requested continuance likely would result in a miscarriage of justice within the meaning of 18 U.S.C. § 3161(h)(8)(B)(i).  The Court further finds that the interests of the public and the Defendant in a speedy trial in this case are outweighed by the ends of justice, within

ORDER – 2

the meaning of 18 U.S.C. § 3161(h)(8)(A).

Accordingly, IT IS HEREBY ORDERED THAT:

The pre-trial motions cut-off date shall be extended to January 12, 2006, with a new trial date of February 13, 2006.  The time between the previously set trial date and the new trial date shall be excludable time under the Speedy Trial Act pursuant to 18 U.S.C. §§ 3161(h)(8)(A), 3161(h)(8)(B)(i), 3161(h)(8)(B)(ii), and 3161(h)(8)(B)(iv).

SO ORDERED this 23rd day of December, 2005.

*/s/ John C. Coughenour*

UNITED STATES DISTRICT JUDGE

ORDER – 3